UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE MANSUETO,<br><br>  Plaintiff,<br><br>v.<br><br>SUSAN BROWN, *et al.*,<br><br>  Defendants. | Case No. 25-cv-01859-BAS-VET<br><br>**ORDER DISMISSING ACTION WITHOUT PREJUDICE AND TERMINATING PENDING MOTIONS AS MOOT**<br><br>**(ECF Nos. 3, 5, 12, 13, 15, 16)** |

Plaintiff Joyce Mansueto, proceeding pro se, initiated this action by filing the Complaint "by and through her next friend and brother, Robert F. Mansueto." (Compl., ECF No. 1.) Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging violations of her civil rights, and seeks habeas relief under 28 U.S.C. § 2241, both of which are based on the allegedly unlawful confinement of Plaintiff at her assisted living facility. (*Id.*) These claims arise in the context of ongoing conflict between Plaintiff's siblings and related state court proceedings pertaining to Plaintiff's conservatorship, the administration of her estate, and the management of her special needs trust. (*Id.*) Nonetheless, because Plaintiff may not proceed pro se through another person, has failed to comply with the Court's prior order, and has not stated a § 1983 claim or established jurisdiction for habeas relief, the Court **DISMISSES** this action without prejudice.

- 1 -

25cv1859

## FACTUAL AND PROCEDURAL BACKGROUND

The deceased parents of Joyce and Robert Mansueto created a trust for their three surviving children: Joyce, Robert, and Susan Brown. (ECF No. 1-3 at 19.) Defendant Brown currently serves as the conservator of Joyce Mansueto and her estate, as well as the trustee of Joyce Mansueto's special needs trust. (*Id.* at 32.) The Complaint names as Defendants: Brown, in both her individual and official capacities as court-appointed conservator of Plaintiff and her estate; Villa Bernardo OPCO, LLC, doing business as Villa Bernardo Care Facility ("Villa Bernardo"); and Does 1 through 100. (Compl. ¶¶ 7–10.) The Complaint seeks, *inter alia*, habeas relief pursuant to 28 U.S.C. § 2241, alleging unlawful confinement of Plaintiff, and further asserts civil rights violations pursuant to 42 U.S.C. § 1983. (*Id.* at 6:15–24.) Along with the Complaint, a motion for leave to proceed *in forma pauperis* ("IFP"), meaning without prepaying court fees or costs, and an *ex parte* motion for a temporary restraining order ("TRO") were initially submitted. (ECF Nos. 2, 3.) The IFP application was later withdrawn and the filing fee paid. (ECF Nos. 6, 7.)

Shortly after the initial filing, the Court issued an order to show cause ("OSC") as to why the case should not be dismissed. (ECF No. 10.) The Court observed that pro se litigants may only represent themselves and thus cannot assert claims on behalf of others in a representative capacity; however, Robert Mansueto asserts claims on his sister's behalf. (*Id.*) In addition, the Court found no basis for jurisdiction because § 1983 claims require state action, yet the named Defendants are private parties. (*Id.*) The Court explained that the matter could proceed if Plaintiff personally signed the filings or obtained counsel, and it required Plaintiff to show cause why the case should not be dismissed for lack of jurisdiction. (*Id.*) Plaintiff was given until August 28, 2025, to respond, with a warning that "failure to comply will constitute an additional reason for dismissal of this action." (*Id.* at 3:18–19.)

In the interim between the initial filing and the Court's OSC, an emergency motion to expedite review of lodged video testimony and motion for declaratory relief was filed (ECF No. 5), and the Summons was issued for Defendants Brown and Villa Bernardo (ECF

No. 8). Additionally, within a week of the Court's OSC—and in the days that followed—a preliminary response to the OSC (ECF No. 14) and several additional motions were submitted, including: a second application to proceed *in forma pauperis* (ECF No. 15); a motion to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1) and 18 U.S.C. § 3006A(a)(2)(B) (ECF No. 16); a second application for a temporary restraining order and order to show cause regarding preliminary injunction (ECF No. 12); and a notice of imminent eviction and request for emergency ruling on the pending TRO (ECF No. 13). A supplemental declaration and a letter in support of the requested relief were also filed. (ECF Nos. 17, 18.)

## DISCUSSION

The Court again concludes that Plaintiff Joyce Mansueto, proceeding pro se, may not have claims asserted on her behalf by her brother. Plaintiff has also failed to comply with the Court's OSC. Finally, even if she were permitted to proceed, the record shows she has not pleaded sufficient facts to state a claim or establish jurisdiction.

**I.    Ms. Mansueto Cannot Proceed Pro Se Through Mr. Mansueto**

   **A.    Legal Standard**

Under 28 U.S.C. § 1654, pro se plaintiffs "may plead and conduct their own cases personally." However, "the privilege to represent oneself pro se provided by § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (collecting cases "adher[ing] to the general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity"); *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant appearing [pro se] has no authority to represent anyone other than himself."); CivLR 83.11(a) ("Any person who is appearing propria persona (without an attorney) (i.e., pro se) must appear personally for such purpose and may not delegate that duty to any other person, . . . or another party on the same side appearing without an attorney."). Additionally, Federal Rule of Civil Procedure ("Rule") 11(a) provides: "Every pleading,

written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented."

### B. Analysis

The Court made clear in its OSC that, "to the extent Robert Mansueto asserts claims on his sister's behalf, he cannot represent her." (ECF No. 10 at 2:14–15.) Nevertheless, the filings continue to assert claims on behalf of Ms. Mansueto, and are signed and prosecuted exclusively by Mr. Mansueto, who is not a licensed attorney. (*See* ECF Nos. 11–18.) Under § 1654, Rule 11(a), relevant case law, and CivLR 83.11(a), this is procedurally impermissible.[1] Because Plaintiff may not proceed pro se through her brother, this procedural defect alone constitutes a sufficient basis for dismissal of the action.

## II. Ms. Mansueto Has Failed to Comply with the Court's OSC

### A. Legal Standard

A district court may dismiss an action for failure to prosecute or to comply with a court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances."); CivLR 83.1(a) (providing that failure "to comply with . . . any order of the Court may be grounds for imposition by the Court of . . . sanctions authorized by statute or rule or within the inherent power of the Court, including, without

---

[1] However, Mr. Mansueto purports to bring a habeas petition via "next friend" standing; nevertheless, he does not meet the prerequisites. *Dennis ex rel. Butko v. Budge*, 378 F.3d 880, 888 (9th Cir. 2004) (explaining "next friend" standing requires both (1) an explanation why the real party cannot litigate personally (e.g., incompetence or inaccessibility), and (2) true dedication to that party's best interests, with some courts further suggesting a significant relationship requirement). Here, it is unclear at best whether Mr. Mansueto is "truly dedicated to the best interests of" Plaintiff. *See id.* For example, in October 2024, a probate court investigator observed that Lynn Drummond, the CEO and COO of Villa Bernardo and someone familiar with the familial discord, "does not believe that either of the siblings . . . appears to have the [Plaintiff's] best interest in mind." (ECF No. 14-3 at 15.) Furthermore, in July 2025, a guardian ad litem noted that Plaintiff provided Ms. Drummond a letter from Mr. Mansueto instructing Plaintiff regarding what to say to visitors in connection with the probate proceedings. (ECF No. 9 ¶ 18) Consequently, the Court is not persuaded that Mr. Mansueto has established that he should be permitted to bring this lawsuit as a "next friend" on behalf of Plaintiff.

limitation, dismissal of any actions"). Before doing so, a court should weigh: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)). Moreover, "[a]lthough beneficial to the reviewing court, a district court is not required to make specific findings on each of the essential factors." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994).

### B. Analysis

The Court previously ordered that, should Plaintiff wish to proceed, Joyce Mansueto must "elect[] to represent herself and sign[] the Complaint and all documents filed with the Court on her own behalf, or, alternatively, retain[] an attorney to represent her interests and counsel appear[] in this action on her behalf." (ECF No. 10 at 3:11–15.) The Court expressly cautioned that "failure to comply will constitute an additional reason for dismissal of this action." (*Id.* at 3:18–19.) Despite the Court's explicit requirement that Ms. Mansueto either sign the Complaint and all subsequent filings or retain counsel, she has not complied. (*See* ECF Nos. 11–18.)

Moreover, upon consideration of the *Pagtalunan* factors, the Court finds that dismissal is warranted. The public's interest in expeditious resolution and the Court's need to manage its docket favor dismissal, as Plaintiff's noncompliance has stalled this case. Her failure to obey the Court's order also prejudices Defendants by leaving them subject to unresolved litigation, and the Court has already pursued less drastic alternatives through its OSC and warning of dismissal. Although public policy favors resolution on the merits, that factor is outweighed by the others, which together support dismissal without prejudice. *See Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citation omitted) ("We may affirm a dismissal where at least four factors support dismissal . . . ."). Because Plaintiff has not complied with the Court's OSC, dismissal is warranted under the Court's inherent authority, Rule 41(b), and CivLR 83.1(a).

### III. Ms. Mansueto's Claims Are Not Cognizable

Plaintiff seeks habeas relief pursuant to, *inter alia*, 28 U.S.C. § 2241, alleging unlawful confinement, and further asserts civil rights violations pursuant to 42 U.S.C. § 1983. (Compl. at 6:15–24.) The Complaint also advances a broad array of additional causes of action;[2] nonetheless, the gravamen of the Complaint is that Ms. Mansueto, an elderly and disabled woman, is being confined against her will at the assisted living facility where she currently resides, Villa Bernardo. (*Id.* at 1:25–2:6.) The Court addresses both causes of action in turn.

#### A. Ms. Mansueto Has Failed to State a Claim

##### i. Legal Standard

To state a claim under § 1983, a plaintiff must allege that a defendant acted under color of state law to deprive the plaintiff of a constitutionally protected right. *See West v. Atkins*, 487 U.S. 42, 49 (1988); *Ove v. Gwinn*, 264 F.3d 817, 824 (9th Cir. 2001). A person acts under color of law only when exercising power "possessed by virtue of state law and

---

[2] Plaintiff claims violations of her rights under the Fourteenth Amendment and the Americans with Disabilities Act. (Compl. at 6:15–24.) Nonetheless, Plaintiff's vague and conclusory allegations fail to state any cognizable constitutional or statutory claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also Halet v. Wend Inv. Co.*, 672 F.2d 1305, 1309 (9th Cir. 1982) ("To maintain an action under the fourteenth amendment or § 1983, [Plaintiff] must show state involvement. The under-color-of-state-law requirement of §1983 is equivalent to the state action requirement of the fourteenth amendment." (citing *Arnold v. IBM Corp.*, 637 F.2d 1350, 1355 n.2 (9th Cir. 1981))); *Boe v. Mead Sch. Dist.*, No. 2:23-CV-0319-TOR, 2025 WL 727902, at *15 (E.D. Wash. Mar. 6, 2025) ("To recover monetary damages under Title II of the ADA or Section 504 of the Rehabilitation Act, the plaintiff must show intentional discrimination or deliberate indifference" (quoting *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001))). Absent such allegations, Plaintiff's claims are insufficient as a matter of law and therefore subject to dismissal.

Plaintiff's remaining claims are either not cognizable as criminal actions, provide no private right of action, or, insofar as they arise under state law, fail for lack of federal jurisdiction. *See Bainbridge Taxpayers Unite v. City of Bainbridge Island*, No. 3:22-cv-05491-TL, 2022 WL 17176843, at *12 (W.D. Wash. Nov. 23, 2022) ("In the absence of subject matter jurisdiction over any federal claims, a federal court cannot retain jurisdiction over any remaining state law claims." (citing *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002))). These claims include those purportedly brought under 18 U.S.C. §§ 242 and 371, 42 U.S.C. §§ 407 and 408, California Penal Code § 368, the Elder Justice Act, 42 U.S.C. § 1397j, California Welfare and Institutions Code § 15610.43, and the Federal Uniformed Services Former Spouses' Protection Act, 10 U.S.C. § 1408.

made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326 (1941).

Generally, private parties are not state actors for purposes of § 1983. *See Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). But private parties may act under color of state law if they engage in joint action with state actors or agents. *See id*. at 835. The joint-action inquiry focuses on whether "the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity," *Kirtley v. Rainey*, 326 F.3d 1088, 1093 (9th Cir. 2003) (citation omitted), and thus requires "a substantial degree of cooperative action," *Collins v. Womancare*, 878 F.2d 1145, 1154 (9th Cir. 1989). "A plaintiff can show joint action either 'by proving the existence of a conspiracy or by showing that the private party was a willful participant in joint action with the State or its agents.'" *O'Handley v. Weber*, 62 F.4th 1145, 1159 (9th Cir. 2023) (quoting *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1140 (9th Cir. 2012)). Allegations that a private party was court-appointed or participated in court proceedings are insufficient. *See Witte v. Young*, No. 2:14-cv-2439-TLN-EFB PS, 2015 WL 5232681, at *4 (E.D. Cal. Sept. 8, 2015) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981)).

### ii.   Analysis

The response to the OSC avers that Plaintiff's "monthly income is controlled by Defendant Susan Brown, the current conservator recommended to be removed 9 months ago by Probate Court appointed Investigator[,] but remains in this position of control." (ECF No. 14 at 2:19–21.) It also avers that "the Guardian ad Litem and court-appointed attorney have falsely represented to the Probate Court that Joyce wants to remain in the assisted living facility, and NOT return to her family home. They have deliberately withheld her letters and refused to truthfully present Joyce's true statements or live testimony to be presented to the Probate Judge . . . ." (ECF No. 16-1 ¶ 4.) However, these assertions are conclusory and fail to plead specific facts showing the existence of a conspiracy or willful participation in joint action with state officials. *See Franklin v. Fox*,

312 F.3d 423, 445 (9th Cir. 2002). Furthermore, neither Brown's role as conservator nor Villa Bernardo's operation as a private facility establishes that they acted under color of state law, and nothing in the record supports a reasonable inference of joint action with the state or its agents. Accordingly, Plaintiff's failure to plausibly allege state action requires dismissal of the § 1983 claim for failure to state a claim.

### B. Ms. Mansueto Does Not Establish Personal Jurisdiction

#### i. Legal Standard

In general, there is only one proper respondent to a habeas petition: the person with the power to immediately "produce" the petitioner before the Court. *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam) ("The proper respondent . . . is the petitioner's 'immediate custodian'"—that is, "'the person having day-to-day control over the [petitioner]'"— because "[t]hat person is the only one who can produce 'the body' of the petitioner." (citations omitted)). Failure to name the petitioner's immediate custodian as respondent deprives the district court of personal jurisdiction over the custodian. *See Smith v. Idaho,* 392 F.3d 350, 354–55 (9th Cir. 2004).

Furthermore, although 28 U.S.C. § 2241 authorizes habeas relief for persons "in custody" in violation of the U.S. Constitution or another federal law, § 2254 provides the exclusive vehicle for petitions brought by individuals "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Thus, where a petitioner is confined under a state court judgment, § 2254 is the only habeas remedy, regardless of the nature of the challenge. *See White v. Lambert*, 370 F.3d 1002, 1009–10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (holding § 2254 was a state prisoner's exclusive remedy when he sought to challenge his transfer from a state prison to a privately-run prison in another state). Under § 2254, a petitioner must name as the respondent the "state officer having custody" over the petitioner. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).

### ii. Analysis

The filings, submitted by Plaintiff's brother, assert that Plaintiff is being unlawfully confined in an assisted living facility under 28 U.S.C. § 2241. (Compl. at 6:14–19.) However, the response to the OSC avers that Plaintiff "is being . . . effectively imprisoned by [the] Conservator, appointed by Probate Court . . . ." (ECF No. 16 at 1:24–25.) Accordingly, § 2254, not § 2241, provides the exclusive vehicle for Plaintiff's habeas claim. *See White*, 370 F.3d at 1009–10.

Nevertheless, even if construed under § 2254, the petition fails because Plaintiff has not named her immediate custodian as the respondent. Neither Brown, in her role as conservator, nor Villa Bernardo, as a private care facility, is alleged to be the state officer with custody to produce Plaintiff before the Court. Nor do the filings explain how either qualify as Plaintiff's "immediate custodian" or how they have "day-to-day control" over her person. *See Brittingham*, 982 F.2d at 379. Because the petition does not name the proper custodian or otherwise establish that Defendants have the power to produce Plaintiff before the Court, the Court lacks personal jurisdiction over the habeas petition.

## IV. Ms. Mansueto Has Not Shown Entitlement to Appointed Counsel

Mr. Mansueto requests an appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) and 18 U.S.C. § 3006A(a)(2)(B), contending that Ms. Mansueto is unable to "retain[] independent legal counsel" because she is under the "control" of a "court-appointed fiduciary." (ECF No. 16 at 1:26–2:2.) The Court addresses each statutory basis.

### A. Legal Standard

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (affirming denial of appointment of counsel). Although most pro se litigants would benefit from representation by an attorney, that alone does not warrant the appointment of counsel. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (affirming denial of appointment of counsel), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998) (en banc). However, a court may request an attorney to represent an indigent civil litigant under "exceptional circumstances," pursuant to 28 U.S.C.

§ 1915(e)(1). *See Palmer*, 560 F.3d at 970. When determining whether "exceptional circumstances" exist, a court must at least consider "the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate [her] claims pro se in light of the complexity of the legal issues involved." *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations is dispositive; they must be viewed together. *Id.*

Additionally, with respect to habeas relief, counsel may be appointed when the "interests of justice so require." 18 U.S.C. § 3006A(a)(2). However, "[u]nless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court." *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). "Representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2). A person is financially eligible if he or she is "financially unable to obtain adequate representation." *Id.* § 3006A(a).

### B. Analysis

Having carefully considered Plaintiff's filings, the Court finds appointment of counsel to be inappropriate. First, Plaintiff has not made a showing that she is "unable to afford counsel" as required under 28 U.S.C. § 1915(e)(1). Although a motion to proceed IFP was filed and later withdrawn, Plaintiff ultimately paid the filing fee. (ECF Nos. 2, 6, 7.) Moreover, in her second application to proceed IFP (ECF No. 15), the financial affidavit provided indicates that she has a monthly income of $4,950 in government benefits, including disability and survivor payments (ECF No. 15-2 ¶ 2). In addition, the last reported balance in her special needs trust was $88,000. (*Id.*) On these facts, the Court is not satisfied that Plaintiff is indigent, that is, that her financial need is sufficient to allow the Court to request appointed counsel under § 1915(e)(1). Moreover, because the record does not support a finding that Plaintiff is "unable to obtain adequate representation," she fails to satisfy the financial eligibility requirement of 18 U.S.C. § 3006A.

Additionally, Plaintiff has not demonstrated exceptional circumstances warranting appointment of counsel. As previously discussed, the filings fail to provide a sufficient evidentiary basis to state a claim or establish jurisdiction, let alone demonstrate a likelihood of success on the merits. Even if Plaintiff is unable to effectively articulate her claims due to mental or physical disorder, given the conclusory nature of the allegations, the Court is unable to draw any conclusions regarding Plaintiff's likelihood of success on the merits. *See Dickey v. Strayhorn*, No. 17-cv-00546-JLS (JLB), 2017 WL 3118797, at *1 (S.D. Cal. July 21, 2017), *reconsideration denied*, 2017 WL 4271975, at *1 (S.D. Cal. Sept. 26, 2017) ("To demonstrate that [she] has a likelihood of success at trial, Plaintiff must do more than merely allege that . . . [her] constitutional rights [were] violated. [She] must provide evidence to the effect that [she] has a likelihood of success on the merits of [her] allegations."); *Torbert v. Gore*, No. 3:14-cv-02991-BEN-NLS, 2016 WL 1399230, at *1 (S.D. Cal. Apr. 8, 2016) ("A plaintiff that provides no evidence of [her] likelihood of success at trial fails to satisfy the first factor of the [exceptional circumstances] test.").

In sum, Plaintiff has not established either an inability to afford counsel or the exceptional circumstances necessary to warrant appointment of counsel.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff may not proceed pro se through another person, has failed to comply with the Court's prior OSC, has failed to state a claim upon which relief can be granted, and has not established personal jurisdiction over the habeas claim. Accordingly, this action is **DISMISSED WITHOUT PREJUDICE**. All pending motions in this case (ECF Nos. 3, 5, 12, 13, 15, 16) are **TERMINATED AS MOOT**. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

**DATED: August 19, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court