# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOYCE MANSUETO, *by and through her next friend and brother, Robert F. Mansueto*,<br><br>              Plaintiff,<br><br>     v.<br><br>SUSAN BROWN and VILLA BERNARDO OPCO, LLC, *d/b/a, Villa Bernardo Care Facility*,<br><br>              Defendants. | Case No. 25-cv-01859-BAS-VET<br><br>**ORDER:**<br><br>(1) **DENYING THE EX PARTE APPLICATION FOR TRO AND RELATED RELIEF (ECF No. 23);**<br><br>(2) **DENYING THE EX PARTE MOTION TO VACATE DISMISSAL, REOPEN CASE, APPOINT GUARDIAN AD LITEM, AND ISSUE TEMPORARY RESTRAINING ORDER (ECF No. 24);**<br><br>(3) **DENYING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS (ECF No. 26); AND**<br><br>(4) **DENYING THE NOTICE OF SUPPLEMENTAL AUTHORITY AND REQUEST FOR IMMEDIATE CONSIDERATION (ECF No. 28)** |

Presently before the Court are: (1) the Emergency Ex Parte Application for TRO and Related Relief (ECF No. 23) ("Ex Parte TRO Application"); (2) the Ex Parte Motion to Vacate Dismissal, Reopen Case, Appoint Guardian Ad Litem, Appoint Counsel, and Issue Temporary Restraining Order (ECF No. 24) ("Ex Parte Motion"); (3) Motion for Leave to Proceed In Forma Pauperis (ECF No. 26); and (4) Notice of Supplemental Authority and Request for Immediate Consideration (ECF No. 28). For the reasons set forth below, the Court **DENIES** these motions. The case shall remain closed. Further, the Court directs the Clerk of Court to accept no further documents for filing in this matter, except a timely-filed Notice of Appeal.

I.   BACKGROUND

Plaintiff Joyce Mansueto, proceeding pro se, initiated this action by filing the Complaint "by and through her next friend and brother, Robert F. Mansueto." (ECF No. 1.) Plaintiff is a disabled adult residing in a care facility in California, Villa Bernardo OPCO, LLC. (ECF Nos. 22 ¶ 1, 24-2 at 27–29.) The deceased parents of Joyce and Robert Mansueto created a trust for their three surviving children: Joyce, Robert, and Susan Brown. (ECF No. 1-3 at 19.) Defendant Brown currently serves as the conservator of Joyce Mansueto and her estate, as well as the trustee of Joyce Mansueto's special needs trust. (*Id.* at 32.) The Complaint names as Defendants: Susan Brown, in both her individual and official capacities as court-appointed conservator of Plaintiff and her estate; Villa Bernardo OPCO, LLC, doing business as Villa Bernardo Care Facility ("Villa Bernardo"); and Does 1 through 100. (ECF No. 1 ¶¶ 7–10.)

The Court dismissed the action without prejudice on August 19, 2025, concluding in part that "Plaintiff may not proceed pro se through another person, has failed to comply with the Court's prior [order to show cause], has failed to state a claim upon which relief can be granted, and has not established personal jurisdiction over the habeas claim." (ECF No. 20 at 11.)

Plaintiff Joyce Mansueto then—again "by and through her next friend and brother, Robert F. Mansueto"—filed the Ex Parte TRO Application (ECF No. 23) and the Ex Parte

Motion (ECF No. 24) six days later on August 25, 2025. As part of efforts to reopen the case, a Motion for Leave to Proceed In Forma Pauperis (ECF No. 26) and a Notice of Supplemental Authority and Request for Immediate Consideration (ECF No. 28) were also filed. The Court considers these motions, and the allegations contained therein, in the present Order.

## II. DISCUSSION

### A. Proceeding Pro Se through Robert Mansueto

As this Court previously stated when first dismissing this action, "the privilege to represent oneself pro se…is personal to the litigant and does not extend to other parties or entities." (*See* ECF No. 20 at 3:17–20 (quoting *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008)).) The motions filed after the Court's first dismissal are, again, filed by Plaintiff Joyce Mansueto "by and through her next friend and brother, Robert F. Mansueto." Because Plaintiff Joyce Mansueto may not proceed pro se through Robert Mansueto—who again, is not a licensed attorney—this procedural defect alone constitutes a sufficient basis for maintaining the dismissal of the action and all pending motions. (*See* ECF No. 20 at 4:9–11.)

### B. Ex Parte TRO Application (ECF No. 23) and Ex Parte Motion (ECF No. 24)

#### 1. Appointment of Robert Mansueto as Guardian Ad Litem

The Ex Parte Motion alleges that Robert Mansueto should be the guardian ad litem because he has "cared for her for decades, has no adverse interest, and qualifies under *Whitmore v. Arkansas*, 495 U.S. 149 (1990)" pursuant to Rule 17(c). (ECF No. 24 at 4.) Even if Robert Mansueto were appointed Plaintiff Joyce Mansueto's guardian ad litem, the case cannot proceed without a licensed attorney. For example, in *Harris v. County of San Diego*, another judge within this District held that a mother—who was appointed her minor children's guardian ad litem—could not bring a pro se lawsuit on their behalf without an attorney. *Harris v. County. of San Diego*, No. 18-CV-00924-BTM-JLB, 2019 WL 2995820, at *3 (S.D. Cal. July 9, 2019) ("While a litigant in federal court has the right to

act as her own counsel…she 'has no authority to appear as an attorney for others.'" (citing *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997))).  This Court further finds that, Robert Mansueto cannot proceed on behalf of Joyce Mansueto to request the Court to appoint him to be her guardian ad litem.  Though the Court may appoint a guardian ad litem sua sponte on the condition that the appointee secures counsel within a specified period of time, the Court finds no basis to do so here.  *See, e.g.*, *Johns v. County. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997).

> 2. **Appointment of Pro Bono Counsel pursuant to 28 U.S.C. § 1915(e)(1)**

Further, even if Robert Mansueto could proceed pro se on behalf of Joyce Mansueto to request pro bono counsel from the Court (*see* ECF Nos. 23 at 1, 24 at 4–5), there is no constitutional right to counsel in a civil case.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Lassiter v. Dep't. of Social Servs.*, 452 U.S. 18, 26–27 (1981).  While 28 U.S.C. § 1915(e)(1) grants the district court limited discretion to "request" that an attorney represent an indigent civil litigant, this discretion may be exercised only under "exceptional circumstances"—meaning a demonstrated likelihood of success on the merits of the presented claims and legal complexity warranting referral to pro bono counsel.  *Agyeman v. Corr. Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).  The case has already been dismissed (ECF No. 20); and the Ex Parte Motion has not pled any extraordinary circumstances that would change the Court's prior analysis of the merits of the case and reopen it.  In sum, the papers do not demonstrate any exceptional circumstances that would warrant referral to potential pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1).  *See Palmer*, 560 F.3d at 970.

> 3. **Vacatur of Dismissal and Reopening of the Case**

Even if Joyce Mansueto could proceed through Robert Mansueto and obtain pro bono counsel, none of the papers allege circumstances warranting reopening the case.  Citing Rule 60(b), the Ex Parte Motion states that "[r]elief is appropriate to prevent manifest injustice and to ensure compliance with Rule 17(c)(2)." (ECF No. 24 at 4.)

Under Rule 60(b), the court may grant reconsideration of a final judgment or an order based on: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).

Under Rule 60(b)(6), a court may grant relief "whenever such action is appropriate to accomplish justice," but only for reasons not covered by the five specified grounds in Rule 60(b).  *See Klapprott v. United States*, 335 U.S. 601, 614–15 (1949); *see also United States v. State of Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996).  Rule 60(b)(6) is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Ruiz v. McGuire*, No. 16-CV-0388-AJB-BLM, 2017 WL 526542, at *2 (S.D. Cal. Feb. 9, 2017) (citing *Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008)).

Given that the only reason the Ex Parte Motion cites in requesting the Court to vacate the dismissal and reopen the case as being that "relief is appropriate to prevent manifest injustice," Rule 60(b)(6) seems to be the only prong that is applicable here.  Here, none of the papers at issue present any "extraordinary circumstances" sufficient to reopen the case under Rule 60(b) (*see* ECF Nos. 23 at 1, 24 at 4)—including any intervening legal changes that would now permit Robert Mansueto to proceed pro se on behalf of Joyce Mansueto.

* * *

For the reasons above, the Court **DENIES** the Ex Parte TRO Application (ECF No. 23) and the Ex Parte Motion (ECF No. 24).

### C. Motion for Leave to Proceed In Forma Pauperis (ECF No. 26)

The Court also denies the Motion for Leave to Proceed in forma pauperis (ECF No. 26) because Joyce Mansueto cannot proceed through Robert Mansueto without legal counsel.  Because Robert Mansueto is not a licensed attorney and because non-lawyers do not have the authority to represent anyone else pro se in court, the Court **DENIES** the

Motion for Leave to Proceed In Forma Pauperis (ECF No. 26).  *Cf. Spears v. Spears*, No. 2:21-cv-1472-TLN-CKD PS, 2021 WL 5494810, at *2 (E.D. Cal. Nov. 23, 2021) (denying plaintiff's IFP application, in part, because a non-lawyer plaintiff attempted to represent other named plaintiffs in court).

### D. Notice of Supplemental Authority and Request for Immediate Consideration (ECF No. 28) and Ex Parte TRO Application (ECF No. 23)

Similarly, Joyce Mansueto cannot proceed pro se through Robert Mansueto to request a temporary restraining order, or for any other pleadings.  *Cf. Carroll v. Vallejo Police Dep't*, No. 1:23-CV-00004-GSA-PC, 2023 WL 2347884, at *2 (E.D. Cal. Mar. 3, 2023) (denying a non-lawyer plaintiff's motion for temporary restraining order that asserted claims on behalf of other plaintiffs).  Thus, the Court **DENIES** the Notice of Supplemental Authority and Request for Immediate Consideration (ECF No. 28).  The fact that non-lawyers cannot represent the interests of others to request a TRO is another reason supporting the Court's decision to also **DENY** the Ex Parte TRO Application (ECF No. 23).

## IV. CONCLUSION

For the reasons discussed, the Court **DENIES**: (1) the Emergency Ex Parte Application for TRO and Related Relief (ECF No. 23); (2) the Ex Parte Motion to Vacate Dismissal, Reopen Case, Appoint Guardian Ad Litem, Appoint Counsel, and Issue Temporary Restraining Order (ECF No. 24); (3) the Motion for Leave to Proceed In Forma Pauperis (ECF No. 26); and (4) the Notice of Supplemental Authority and Request for Immediate Consideration (ECF No. 28).  The case shall remain closed.  Further, the Court directs the Clerk of Court to accept no further documents for filing in this matter, except a timely-filed Notice of Appeal.

**IT IS SO ORDERED.**

**DATED: October 7, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court

- 6 -

25cv1859